UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

PEDRO MANUEL MONTANEZ RIVERA
CARMEN DELIA BORGES RODRIGUEZ

XXX-XX-0580
XXX-XX-9890

DEBTOR (S)

CASE NO. 13-07032-MCF

CHAPTER 13

**TRUSTEE'S REQUEST ENTRY OF ORDER**

TO THE HONORABLE COURT:

Comes now Jose R. Carrion, Chapter 13 Trustee and respectfully states and prays:

1. Debtors(s) confirmed plan dated Nov 13, 2013 provides that any post-petition tax refund that the debtor(s) would be entitled to receive during the term of the plan would be used to fund the plan. (Please refer to other provisions in the plan docket no. 17)

2. As of this date no tax refunds have been received for year(s) 2014, 2015, 2016.

3. A Chapter 13 debtor's tax refunds are generally considered projected disposable income that should fund the plan. See In re Michaud, 399 B.R. 365, 372-73 (Bankr.D.N.H. 2008); In re Padilla, 2009 Bankr. LEXIS 2701, *9-*10 ("The tax refund becomes income when received and in the amount received. The amount must be paid into the plan shortly after receipt."); see also, In re Ricci, 2009 Bankr. LEXIS 3283, *42-*43 (Bankr.M.D.Fla. 2009)(holding that for a Chapter 7 Means Test's determination of possible abuse, the tax refunds must be considered disposable income). Only unforeseen, reasonably necessary expenses may amend a debtor's obligation to pay a tax refund to fund the plan. See Michaud, 399 B.R. at 372.

4. It is clearly established, that a confirmed Chapter 13 Plan binds debtors and creditors to compliance with the plan's provisions, pursuant to the doctrine of *res judicata*. See In re Burrell, 346 B.R. 561 (1st Cir. B.A.P.

2006); In re Eason, 178 B.R. 908 (Bankr.M.D.Ga. 1994).

5. Debtor(s) failure to pay the tax refunds, constitutes a material default with respect to the terms of the confirmed/approved plan.

6. Moreover, pursuant to the provisions of Section 1306, the tax refunds in question are part of the chapter 13 bankruptcy estate.

WHEREFORE, it is respectfully requested from this Honorable Court to take notice of the above mentioned and ORDER Debtor to tender to the Trustee the tax refund received as per the terms of the Confirmed plan.

RESPECTFULLY SUBMITTED

NOTICE

14 day notice: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

CERTIFICATE OF SERVICE: I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sent a notification TO all CM/ECF participants, including Debtor's attorney and I further certify that I have mailed this document by First Class Mail postage prepaid to debtor, at his mailing address of record.

In San Juan, Puerto Rico on Monday, March 5, 2018.

/s/ Jose R. Carrion

JOSE R. CARRION
CHAPTER 13 TRUSTEE
PO Box 9023884
San Juan, PR 00902-3884
Tel (787)977-3535 FAX (787)977-3550

NOV